**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DARLINGTON AMADASU,

Plaintiff-Appellant,

v.

UNIVERSITY OF UTAH;
UNIVERSITY OF UTAH HOSPITAL;
ROYCE MOSER, JR.; CYNTHIA R.
LEWIS-YOUNGER,

Defendants-Appellees.

No. 02-4236
(D.C. No. 2:00-CV-133-ST)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Darlington Amadasu, proceeding pro se and in forma pauperis, sued defendants University of Utah, University of Utah Hospital, Royce Moser, Jr., and Cynthia R. Lewis-Younger for allegedly discriminating against him in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.[1] He also asserted civil rights claims under 42 U.S.C. § 1983 and various state law claims. The district court dismissed his complaint under Fed. R. Civ. P. 37 for willful and repeated discovery abuse. We affirm.[2]

Mr. Amadasu is an individual of Nigerian origin, over forty years of age, suffering from depression and a stress disorder. His complaint alleged that defendants discouraged his application for a position as a resident in a family practice program, denied his request for appointment as a salaried resident in an occupational and environmental medicine program, and refused to hire him for more than forty other jobs, ranging from teaching/research assistant to messenger. According to Mr. Amadasu, defendants engaged in illegal discrimination based on race, ethnic origin, age, and disability; harassment; defamation; and retaliation.

[1] Plaintiff initially filed suit in the United States District Court for the Southern District of Ohio, where he resides. That court transferred the case to the District of Utah.

[2] In light of our affirmance of the Rule 37 dismissal of Mr. Amadasu's complaint, we need not address the many additional issues he raises in his appellate briefs.

Proceedings in district court did not go smoothly. Mr. Amadasu served discovery requests in excess of the number established by the scheduling order, attempted to add eleven new parties and eleven new claims after the deadline for amending the complaint, and filed numerous motions alleging conspiracy on the part of the magistrate judge, defense counsel, the court reporter, and the court reporting service. Additionally, Mr. Amadasu failed to timely respond to defendants' dispositive motions and failed to appear for two noticed hearings. Moreover, he did not fully respond to defendants' requests for discovery even after being warned that the court would consider dismissing the complaint unless he answered the interrogatories and produced all documents responsive to defendants' discovery requests.

Eventually, defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 37(b)(2). The rule authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery." *Id.* Included among the available sanctions is the entry of "judgment by default against the disobedient party." *Id.* The district court granted defendants' motion and dismissed the case with prejudice.

"[W]e review a court's decision to dismiss for discovery violations under an abuse of discretion standard." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992) (citing *Nat'l Hockey League v. Metro. Hockey Club*, *Inc.*,

-3-

427 U.S. 639, 642 (1976) (per curiam)). Because "dismissal represents an extreme sanction appropriate only in cases of willful misconduct," however, the district court must ensure that dismissal is a just sanction for the offending party's actions. *Id.* Thus, in addition to considering the culpability of the offending party, a court should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (quotations and citations omitted). If "a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3

On appeal, plaintiff asserts that the dismissal was "premeditated and predetermined," Aplt's Br. at 4, by the district court judge, magistrate judge, and defense counsel. He contends that the district court's rulings, culminating with the dismissal order, were unfair, unwarranted, and erroneous.

After reviewing the record, we conclude that the district court acted within its discretion in dismissing the complaint. The court carefully considered the *Ehrenhaus* factors and determined that Mr. Amadasu's conduct prejudiced defendants, seriously interfered with the judicial process, "demonstrate[d]

-4-

a willfulness that warrants dismissal," and persisted after he was put "on notice of the potential consequences of his continued failures to comply." R., Vol. IV., Doc. 158, at 7-8. [3] The record before us demonstrates no basis for a conclusion that the court abused its discretion in granting defendants' Rule 37(b)(2) motion to dismiss.

We AFFIRM the district court's dismissal of the complaint. The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[3] We note that Mr. Amadasu failed to attach a copy of the court's dismissal order to his opening brief, as required by 10th Cir. R. 28.2(A). We remind counsel for defendants that if an appellant's brief omits a required ruling, then appellees are to include it in their response brief. *See* 10th Cir. R. 28.2 (B).